UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GRUPO RAYCO C.A., <br><br> Plaintiff, <br><br> v. <br><br> DELTA AIR LINES, INC., <br><br> Defendant. | Civil Action No.: 1:20-cv-01952-AT |

**DEFENDANT DELTA AIR LINES, INC.'S NOTICE OF ADDITIONAL FACTS IN SUPPORT OF ITS BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO OPEN DEFAULT**

Defendant Delta Air Lines, Inc. ("Delta") submits this notice in further support of its opposition to Plaintiff Grupo Rayco C.A.'s ("Grupo Rayco") Motion to Open Default. In its Opposition Brief, Delta argued that Grupo Rayco has ignored its obligations under the Federal Rules of Civil procedure by failing to answer Delta's Counterclaim on time, and then by belatedly submitting a proposed Answer that failed to address the substance of Delta's allegations. Since then, Grupo Rayco has also failed to (a) make any Initial Disclosures, as ordered by the Court, and (b)

1

respond to Delta's written discovery.[1]  Delta submits that Grupo Rayco's continuing failure to meet its obligations as a litigant before this Court justify entering a default judgment against Grupo Rayco as to Delta's counterclaims.

## I. Grupo Rayco's Continuing Failure to Make Initial Disclosures.

On June 10, 2020, this Court ordered both parties to exchange Rule 26 Initial Disclosures on or before June 29, 2020.  Dkt. 43.  In compliance with this Court's Order, Delta filed its Initial Disclosures on June 29, 2020.  Dkt. 45.  In Delta's Opposition Brief, filed with this Court on July 22, 2020, Delta brought to this Court's and Grupo Rayco's attention the fact that Grupo Rayco had failed to timely file its Initial Disclosures.  *See* Dkt. 50, at 12, n. 2.  As of the date of the filing of this Notice, Grupo Rayco still has not filed its Initial Disclosures, thereby exhibiting a continuing disregard for this Court's orders.

## II. Grupo Rayco's Failure to Respond to Written Discovery.

On July 6, 2020, Delta served Grupo Rayco with requests for admission, interrogatories and document requests.  *See* Dkt. 54.  Pursuant to the Federal Rules of Civil Procedure, Grupo Rayco's responses to Delta's discovery requests were due on or before August 5, 2020.  *See* Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A), and 36(a)(3).

---

[1] Also since the filing of Delta's Opposition Brief, Grupo Rayco's local counsel filed a motion to withdraw as its attorney.  *See* Dkt. 53.

Grupo Rayco has never responded.  Moreover, Group Rayco has failed to respond at a time when it not only remains in default, but when it is seeking to re-open that default over Delta's objection that Grupo Rayco has not heeded its obligations to meet deadlines or to answer allegations in good faith.  Two weeks have now passed since Grupo Rayco missed this discovery deadline. Grupo Rayco has therefore continued to display a conscious disregard for this Court's orders, the Federal Rules, and its duties and obligations as the Plaintiff in this case.  Since Delta filed its Opposition Brief, Grupo Rayco's own actions (or, more aptly, inactions) have continued to fall far short of the requisite "good cause" required to open this Court's entry of Default.  To the contrary, they further evidence Grupo Rayco's failure to engage in this litigation in good faith, despite being given ample opportunity to do just that.

Moreover, pursuant to Federal Rule 36, all matters contained in a request for admission are deemed admitted if the party to whom the request is directed fails to respond, in writing, within 30 days of being served with such requests. Fed. R. Civ. P. 36(a)(3).  Here, Grupo Rayco failed to respond to Delta's First Requests for Admission on or before August 5, 2020, or any time thereafter.  Thus, the factual allegations contained in Delta's Requests for Admissions are deemed admitted for all relevant purposes in this case.  *See* Ex. A; *United States v. 2204 Barbara Lane*,

960 F.2d 126, 129 (11th Cir. 1992) (citation omitted).  These admissions, in turn, provide additional support for Delta's argument that the Court should not vacate the Clerk's entry of default: Grupo Rayco has not—and cannot—present a meritorious defense to Delta's Counterclaim.  Dkt. 50, at 16-20.

For these reasons, and for the reasons stated in Delta's Opposition Brief, this Court should deny Grupo Rayco's Motion to Open Default.

Respectfully submitted, this 24th day of August, 2020.

/s/ *David E. Meadows*
David E. Meadows, GA Bar No. 500352
david.meadows@troutman.com
Alexandra S. Peurach, GA Bar No. 451333
alexandra.peurach@troutman.com
TROUTMAN PEPPER HAMILTON SANDERS LLP
600 Peachtree Street NE, Suite 3000
Atlanta, Georgia 30308-2216
404-885-3000
404-885-3900 (Facsimile)

*Counsel for Defendant Delta Air Lines, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing ***Defendant Delta Air Lines, Inc.'s Notice of Additional Facts in Support of its Brief in Opposition to Plaintiff's Motion to Open Default*** was electronically filed using the Court's CM/ECF system, which will transmit Notices of Electronic Filing to all counsel of record.

This 24th day of August, 2020.

>*/s/ David E. Meadows*
>David E. Meadows